

*U.S. Department of Justice*

***Michael J. Sullivan***
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*          *Federal Building and Courthouse*
*Facsimile:      (413) 785-0394*           *1550 Main Street, Room 310*
                                           *Springfield, Massachusetts 01103*

February 27, 2006

Attorney John Ferrara
73 State Street
Springfield, MA 01103

    Re:  United States v. Luis BIAGGI
          Criminal No. 05-cr-30043

Dear Attorney Ferrara:

    The following is a the government's response to the

Defendant's discovery letter:

1. <u>Electronic Surveillance and Consensual Interceptions; Expert Opinions re: Same</u>

   The Government has provided audible copies of the recordings relevant to this Defendant.  The Government does not, at the present time, intend to offer expert evidence relative to these video and audio recordings.

2. <u>Statements (including rough notes, reports, etc.)</u>

   The Government is unaware of any statements made by the Defendant to known law enforcement officers.  There are no law enforcement notes, or reports containing any Defendant statements.

3. <u>Identification Procedures</u>

   Please see the government's automatic discovery letter, Section 5(f):

   > "In the Fall of 2004, the cooperating witness, whose identity is disclosed in this document, directed the FBI's attention to an individual who he knew as "Big,"

Page 2

>or "King Big." Based on the informant's description of "Big", the FBI believed "Big" to be the Defendant. The FBI showed the informant a photograph of the Defendant in October 2004 and asked him if he recognized the person depicted in the photograph. The informant identified the Defendant's photograph as the person he knew as "King Big."
>
>In addition, the members of the FBI Gang Task Force were familiar with the Defendant. The agents identified the defendant during surveillance from the transaction date (as listed in the indictment) and also through their inspection of the audio tape made during the transaction. In the event that I become aware that such any additional procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

The above-referenced photograph of the Defendant was enclosed as part of the automatic discovery. The government respectfully declines to provide the internal reports of the FBI regarding the identification of the Defendant. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2). Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

4.  <u>Exculpatory Evidence</u>

    a)  The Government has complied with this request.

    b)  The government has provided to the Defendant records of each payment made to the Defendant, and will continue to do the same.

    c)  The Government has provided the Defendant with the total amount of the informant's cellular telephone, covered by the FBI, during the time of the informants cooperation.

    d)  The government has provided to the Defendant records of the informant's expenses, and will continue to do the same for any future expenditures.

    e)  The government respectfully declines to provide the internal reports of the FBI related to requests for approval of payments to the informant. These documents

Page 3

        are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2).  Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

f, h)　The government respectfully declines to provide the internal reports of the FBI related to the initial, or ongoing, suitability of the FBI informant.  These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2).  Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

g)　The government is under an obligation to disclose to the Defendant evidence, including reports or evaluations, in the government's custody, which are relevant to the Defendant's credibility or accuracy.  The government will provide any credible evidence or report of the Defendant using drugs while he was a cooperating witness.  The government is under no obligation, nor is it feasible, to investigate whether the Defendant used drugs the year prior to his cooperation with the government.  This is unlikely, however, as the informant was incarcerated for the year preceding his cooperation with the FBI.

I)　There were no drug use tests administered to Julian Rios.

j)　There were no polygraph tests administered to Julian Rios.

k, l, m) (Tier 1 Files, Tier 2 Files, JLEA Files)

    The government respectfully declines to provide the internal reports of either the FBI or Department of Justice.  These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2).  Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

n)　The government has disclosed that Rios has been advised that his assistance may be made known to any sentencing judge in any criminal case that Rios may have pending against him.

Page 4

5. <u>Laboratory Tests</u>

   The governemnt has provided to counsel the Drug Enforcement Administration's laboratory analysis documents pertaining to the controlled substances purchased from the Defendant.

   Please contact the undersigned assistant U.S. Attorney at (413)785-0235 if you have questions concerning the above.

                            Very truly yours,

                            MICHAEL J. SULLIVAN
                            United States Attorney

                       By:  /s/ Paul Hart Smyth
                            _____
                            Paul Hart Smyth
                            Assistant U.S. Attorney