1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### WESTERN SECTION

..........................

UNITED STATES OF AMERICA  .

.    No. 05cr30043-map

v.                .

.

LUIS BIAGGI          .

..........................

BEFORE THE HONORABLE MICHAEL A. PONSOR,
UNITED STATES DISTRICT JUDGE,
SENTENCING HEARING
November 15, 2006.

APPEARANCES:

For the government:  Paul Smyth, Assistant U.S. District
Attorney, 1550 Main Street,
Springfield, MA 01103.

For the defendant:  John Ferrara, 1 Monarch Place, Suite
1150, Springfield, MA 01144-1150.

Alice Moran, CSR, RPR, RMR
Official Federal Court Reporter
1550 Main Street, Room 536
Springfield, MA 01103
Tel: (413)731-0086  Fax: (413)737-7333
alice.moran@verizon.net

1        (Court commenced at 2:12.)

2

3        THE CLERK:  This is the case of the United

4   States versus Luis Biaggi, Criminal Action 05-30043.

5        THE COURT:  We're here this afternoon for

6   sentencing of the defendant Luis Biaggi following his

7   plea of guilty to a count of possession with intent to

8   distribute and distribution of cocaine base.

9        This is an 11(c)(1)(C) plea which was a straight

10  plea to 96 months, and I have read the presentence

11  report.  I am comfortable with the agreement that counsel

12  reached with one minor exception that's been brought to

13  my attention by Mr. Rinaldi, and that is that you had

14  agreed on a term of supervised release of three years.

15  Actually the minimum term of supervised release is four

16  years so we're going to go with that.

17       MR. FERRARA:  Right.  I picked up on that

18  myself, although late in the day, and discussed that with

19  my client and he's aware of the necessity for that

20  change.

21       THE COURT:  Okay.  The only other issue has to

22  do with the motion that's just been filed by the

23  defendant to strike a portion of the presentence report

24  that discusses pending charges.

25       There is a pending charge I guess that the defendant

PDF created with pdfFactory trial version www.pdffactory.com

1  has in state court, and there's a summary of that pending

2  charge, or actually a couple of pending charges, on pages

3  15 and 16 of the presentence report.

4     I'm usually not inclined to allow these motions just

5  because the probation officer at my request does include

6  whatever is pending just to give me a better picture of

7  what's going on with the defendant as I sentence him.

8     I guess in this case the state court case is

9  proceeding.  Is it coming up for trial soon or where is

10 that?

11     MR. FERRARA:  It is.  It's scheduled for trial.

12 Whether it ultimately proceeds to trial or the charges

13 are dismissed is unclear but it is.  It actually has been

14 scheduled a number of times and the state courts have a

15 significant backlog right now, Your Honor.

16     THE COURT:  Okay.  Well, I'm going to deny the

17 motion.  I understand the reason for it.  I want the

18 record to reflect that this is not something that I'm

19 assuming that the defendant necessarily did.

20     It is like a number of aspects of the presentence

21 report.  I usually have juvenile offenses in here.  I

22 often have acquitted offenses.  It's just in there for

23 completeness.

24     I think in this particular case there is unlikely to

25 be any prejudice to Mr. Biaggi because frankly his record

PDF created with pdfFactory trial version www.pdffactory.com

1    is so extensive right now that I don't think that it's

2    going to push him into any higher security category or

3    anything of that nature.  Of course, the Bureau of

4    Prisons can be informed of whatever happens to these

5    charges once the state court does dispose of them.

6         MR. FERRARA:  Thank you.  Just if I may be

7    indulged for just a moment for clarification?

8         THE COURT:  Sure.

9         MR. FERRARA:  I frankly expected that you would

10   find the agreed-upon disposition reasonable, particularly

11   where it fell within the guideline range, and further

12   there was no moment where I thought you might be

13   influenced by the inclusion of the pending charges in the

14   presentence report.

15       My only concern was one that I discussed with my

16   client as recently as yesterday evening which was that

17   this report does follow him to the Bureau of Prisons, and

18   the people who would be reviewing that material don't

19   have your background or your position.  They haven't

20   taken the oath that you have, and they may not deal with

21   the material in the same way that you would.

22        THE COURT:  Right.

23        MR. FERRARA:  He's not in a position right now

24   where he could even address this for a number of reasons.

25   I do not represent him in the state court case.  So that

PDF created with pdfFactory trial version www.pdffactory.com

1   was the reason for my bringing the motion.  I don't think

2   that -- I didn't realize that was included at your

3   request, Your Honor.

4          THE COURT:  Generally speaking.  I didn't make

5   a specific request for it, but it is done in all

6   presentence reports and I've been pleased to have that

7   large picture.

8      I didn't sit down with either Mr. Rinaldi or his

9   predecessors and say I want this to be specifically

10  included or that specifically to be included.  It's just

11  traditionally included, and I'm pleased to have it there

12  and have never asked for it to be excised.

13         MR. FERRARA:  With that information, in the

14  future I may ask it be a supplemental portion.

15         THE COURT:  That might not be a bad way to

16  handle it.

17     Do you have any position on this, Mr. Smyth?

18         MR. SMYTH:  Your Honor, I will leave it to your

19  discretion.  Frankly I don't think it does affect

20  obviously the sentence or the government's position.  I

21  also think the Board of Prisons would have that

22  information independent of this report.

23         THE COURT:  Well, I think in this case the

24  thing that stands out to me is that, for better or worse,

25  that Mr. Biaggi has had a bit of trouble with the law.

1    This isn't a situation where he has a relatively, one

2    relatively minor offense and where this particular

3    pending charge is likely to interfere with him.  I'd be

4    more than happy to make whatever modifications perhaps if

5    there is a problem in the future.

6         PROBATION OFFICER:  According to B.O.P. policy,

7    pending charges do not count against someone for security

8    classifications as a conviction.

9         The only thing the Bureau of Prisons use it for, and

10   why probation strongly recommends it stay in the

11   presentence report, is to indicate to them there's a

12   pending charge.

13        If he's acquitted of the charges, that will be

14   easily provable to the Bureau of Prisons and that's it,

15   but it does affect custody because if there's some

16   serious charges, they're not going to put somebody in

17   minimum custody who could be facing 20, 30 years with the

18   state or another court.

19        Also once he's on supervision, we need to know about

20   these charges just again to find out if they had been

21   resolved, if they're still pending, if there's warrants.

22   These things do need to be resolved while he's with us in

23   the system.

24        THE COURT:  Well, I can see some negatives and

25   I can see some positives.  I can understand your concern

PDF created with pdfFactory trial version www.pdffactory.com

1    and I do respect it.

2        I can see there could be difficulty hypothetically,

3    but I don't think in the case the consequences for Mr.

4    Biaggi are going to be significant, and I do think there

5    are other reasons for making sure that the record is

6    complete.

7        MR. FERRARA:   Thank you.  The only other

8    issue, and I don't know that it is an issue, is credit

9    for time held pretrial.

10        THE COURT:  Right.

11        MR. FERRARA:  There has -- and the presentence

12    report may be somewhat inconsistent in this.  At page 5 I

13    note that Mr. Rinaldi did indicate -- strike that please.

14    I have the wrong page.

15        At page 1 at numbered paragraph 4, Mr. Rinaldi does

16    indicate that Magistrate Neiman ordered the defendant to

17    be detained pending trial.  However, on the cover it

18    indicates that his detention status is merely pretrial

19    status on new state charges.  He is actually held on this

20    case as well.

21        THE COURT:  All right.  Well, that's a problem

22    in the sense that what I usually did as a magistrate

23    judge, and what I think Magistrate Judge Neiman did in

24    this case, is if somebody comes in and they're held on

25    state charges, I would just typically issue a detention

PDF created with pdfFactory trial version www.pdffactory.com

1    order for them and then say to the attorney, look, if the

2    defendant gets released so that he's not being held under

3    the state court's authority, I'll give you a hearing

4    immediately on my order here detaining the defendant.

5        So unfortunately I think that's the way it works,

6    and I don't have anything to do with this.  This is not

7    part of my job description, but I'm afraid that if

8    somebody was held, was being held on state charges at the

9    time that he's brought in here, even if the magistrate

10    judge layers over a federal detention order on top of

11    that state custody situation, then it's usual that the

12    Bureau of Prisons does not give somebody credit for time

13    served because they're serving their state sentence at

14    the time.  So that's an unfortunate thing for the

15    defendant but that's going to be up to the Bureau of

16    Prisons.

17        What I'm saying in short is that the issuance of a

18    detention order by Magistrate Judge Neiman does not, at

19    least as I understand it, magically turn the custody of

20    the defendant into federal custody for purposes of

21    crediting him with time served.

22            MR. FERRARA:  May I be heard on that?

23            THE COURT:  Absolutely.

24            MR. FERRARA:  I am going to ask that at the

25    conclusion of my presentation to you, if I persuade you,

PDF created with pdfFactory trial version www.pdffactory.com

1    that you do indicate that Mr. Biaggi should get credit

2    for time held from July 27th of 2005 to present.

3        And with respect to the date this detention order by

4    Magistrate Judge Neiman issued on July 12th, at that time

5    Mr. Biaggi was serving a state sentence for a violation

6    of probation and it's our understanding that ended July

7    27th.  So he was not serving a state sentence from July

8    27, 2005 to present, and of course if those state charges

9    are dismissed and he's not given credit for time served,

10    all of this time that he's held would be what we would

11    call dead time.

12            THE COURT:  Right.

13            MR. FERRARA:  With respect to whether or not

14    he's been in federal detention, Title 18 Section 3585

15    indicates that credit for prior custody "A defendant

16    shall be given credit toward the service of a term of

17    imprisonment for any time he has spent in official

18    detention prior to the date the sentence commences, (1),

19    as a result of the offense for which the sentence was

20    imposed."

21            THE COURT:  What's that statute again?

22            MR. FERRARA:  Title 18 Section 3585.

23            THE COURT:  Okay.

24            MR. FERRARA:  That language was construed by

25    the Supreme Court in a case Reno, Janet Reno v. Koray,

PDF created with pdfFactory trial version www.pdffactory.com

1    515 U.S. 50 in 1995.  I have a hard copy of the case if

2    Your Honor would like it.

3           THE COURT:  It's okay.  I can get it.

4           MR. FERRARA:  And in that case, if I may read

5    some of the pertinent language, Title 18 Section 3585(b)

6    provides that "a defendant generally must be given credit

7    toward the service of a term of imprisonment for any

8    time he has spent in official detention prior to the date

9    the sentence commences."

10       It notes that a federal magistrate judge entered a

11   release order in that case.  This is a detention order in

12   this case.  Title 18 Section 35 determines when a federal

13   sentence of imprisonment commences and whether credit

14   against that sentence must be granted for time spent in

15   official detention before the sentence began.

16       It goes on to state that "The Bail Reform Act of

17   1984 provides a federal court with two choices when

18   dealing with a criminal defendant who has been 'charged

19   with an offense' and is awaiting trial, 18 U.S.C. Section

20   3142(a), or who has been found guilty of an offense and

21   is awaiting imposition or execution of sentence, the

22   court may either, (1), release the defendant on bail or,

23   (2), order him detained without bail."

24       "A court may release a defendant subject to a

25   variety of restrictive conditions, including residence in

PDF created with pdfFactory trial version www.pdffactory.com

1    a community treatment center."

2        "If, however, the court finds that no condition or

3    combination of conditions will reasonably assure the

4    appearance of the person as required and the safety of

5    any other person in the community, the court 'shall order

6    the detention of the person' by issuing a detention order

7    directing that the person be committed to the custody of

8    the Attorney General for confinement in a corrections

9    facility."

10        THE COURT:  Right.

11        MR. FERRARA:  "Thus, under the language of the

12    Bail Reform Act of 1984, the defendant suffers

13    'detention' only when committed to the custody of the

14    Attorney General; a defendant admitted to bail on

15    restrictive conditions is released."

16        THE COURT:  Right.

17        MR. FERRARA:  In this case when we appeared

18    before Judge Neiman in July, I discussed this matter with

19    the assistant U.S. attorney.  The decision was made that

20    though the state case might be resolved, this case was

21    going to take some time and there was an agreement that

22    he would be detained on this case.

23        The government had filed a motion for detention,

24    which is part of the record, and the detention order

25    issued.  It states that "The defendant is committed to

PDF created with pdfFactory trial version www.pdffactory.com

1    the custody of the Attorney General or his designated

2    representative for confinement in a corrections facility

3    separate, to the extent practicable, from persons

4    awaiting or serving sentences.

5          THE COURT:  That order was issued on July 12th.

6          MR. FERRARA:  That's correct, Your Honor, and

7    so I think as a matter of law he has been in official

8    detention as detained under the statute Title 18 Section

9    3585 and I think that he's therefore entitled to credit.

10   Now you may be correct that the Bureau of Prisons, which

11   I realize is a separate entity, and in fact I know --

12         THE COURT:  Also a pain in the neck.

13         MR. FERRARA:  Well, I didn't want to state it

14   that way, but I know that on occasion you have ordered or

15   recommended some of my clients be held in a particular

16   facility because of its closeness to their family or

17   because they've been able to participate in a program and

18   the Bureau of Prisons, for whatever reason, did not

19   follow your recommendation.

20     I have no expectation that they would listen to me

21   more than they would you.  So it may be that they will

22   order that he not be given credit for time served, in

23   which case I think my recourse is a writ of habeas corpus

24   and a petition and citing this law again.  But I would

25   appreciate it if you accept what I've indicated to you,

PDF created with pdfFactory trial version www.pdffactory.com

1    the statutory language and what I think is a clear and

2    unequivocal interpretation of clear statutory language,

3    if you would note that he's to be given credit.  My hope

4    is that we'll avoid my having to take further action on

5    his behalf if the Bureau of Prisons decides that

6    adversely to him.

7         THE COURT:  Let me just see if I can summarize

8    the facts and then I want to see if I can get some advice

9    on this.

10    Mr. Biaggi at the time he was brought in here on

11    July 12th was at that time currently serving a

12    Massachusetts state sentence and was in custody.  That

13    sentence you say ended on July 27th and that's noted here

14    in the front page.

15         There was some kind of change on July 27th.  Then

16    you said that after that the only state charge that Mr.

17    Biaggi was being held on was an order arising from the

18    pending case that Mr. Biaggi is awaiting trial on or

19    dismissal or whatever he's waiting for action from state

20    court.

21         So if Mr. Biaggi -- the worst of both worlds for Mr.

22    Biaggi, and this is a realistic possibility, the state

23    court says we already have enough work to do.  Judge

24    Ponsor just gave Mr. Biaggi 96 months.  That seems like

25    quite a lot to us.  We don't really need to go after the

PDF created with pdfFactory trial version www.pdffactory.com

1    home invasion charge.  We're going to dismiss that.  That
2    happens not all the time but certainly 50 percent of the
3    time and it's a reasonable possibility here.
4        So if he doesn't get credit for time served on the
5    federal detention, there isn't any time served on the
6    state charge because that charge is dismissed and he gets
7    short-changed, considerably short-changed, more than a
8    year off.
9        One of the things I'm relieved that you're not
10   asking me to do, which in this situation some defense
11   counsel have asked me to do, is knock a year of the 96
12   months to make sure that he gets covered.
13       If I do that, then he might get double because if he
14   goes into state court and gets tried and gets an on and
15   after sentence, for example, he will get credit against
16   that sentence for the time he was in state custody.  He
17   may get double credit that way.  So it is an awkward
18   situation where the defendant is being held.
19       Now, I'm going to hear what Mr. Rinaldi has to say
20   in a minute, our probation officer here, but as I sit
21   here right now you're not asking me to reduce the agreed
22   sentence.  You're simply asking me to state on the record
23   that in my opinion the Bureau of Prisons should give Mr.
24   Biaggi credit for all the time that he was in custody
25   from July 27, 2005.

PDF created with pdfFactory trial version www.pdffactory.com

1      I don't have control over that aspect of what the

2   Bureau of Prisons decides, but that's my recommendation

3   and that's what you're asking me to do?

4      MR. FERRARA:  That's correct, Your Honor.

5      THE COURT:  All right.  Did you want to be

6   heard?

7      PROBATION OFFICER:  Just rather simply and

8   rather briefly.  There is no double dipping when it comes

9   to credit that people are serving.  Mr. Biaggi is in

10  primary custody of the state, and typically when

11  Magistrate Neiman orders people detained, it does act as

12  a detainer.

13     He was arrested on February 11, 2005.  The federal

14  offense occurred on February 8, 2005.  Any time spent in

15  custody, either state or federal, that is not credited

16  towards another sentence.  The Bureau of Prisons will

17  give him credit towards this sentence that Your Honor

18  imposes today.

19     THE COURT:  So that if subsequent to today,

20  let's say the state court charges are dismissed --

21     PROBATION OFFICER:  They will give him credit

22  from July 27, '05 until today because there is no such

23  thing as dead time in that they go back to when one

24  committed the current federal offense.

25     In the past we have seen people get credit for a

PDF created with pdfFactory trial version www.pdffactory.com

1    weekend spent pending a drunk driving arrest that

2    eventually is dismissed.  People get credit for all sorts

3    of time depending on when they committed the federal

4    offense.

5         THE COURT:  So if you know that you're going to

6    be going to federal prison, you can bank a lot of dead

7    time ahead of time and when you got sent to prison on the

8    federal offense, you can cash that all in.  It's just

9    like saving bonds, not that I'm recommending anybody do

10   that.  In any event, in this case Mr. Rinaldi has

11   clarified that and I'm going to make the recommendation

12   that you suggested.

13        MR. FERRARA:  Thank you.

14        THE COURT:  I don't know what they will do with

15   the state charges if he ends up going to trial on that

16   and is found guilty or acquitted or whatever, but to the

17   extent that he doesn't get any credit towards a state

18   sentence, it will be scooped up and worked into the

19   process of the federal sentence as well.

20        MR. FERRARA:  All right.  Thank you, Your

21   Honor.

22        THE COURT:  Mr. Smyth, did you want to be

23   heard?

24        MR. SMYTH:  No, I support their recommendation.

25   I think that's a reasonable recommendation as well, Your

PDF created with pdfFactory trial version www.pdffactory.com

1    Honor.

2         THE COURT:  All right.  Well, that's what I'm

3    going to do.

4      I'm going to read the sentence into the record with

5    the recommendation that you've requested but with the

6    understanding that Mr. Biaggi will be on supervised

7    release for four year rather than three years.

8      Here's the sentence:  Pursuant to the Sentencing

9    Reform Act -- it's all right.  You can remain seated.

10   Thank you.

11       Pursuant to the Sentencing Reform Act of 1984, and

12   having considered the sentencing factors enumerated at 18

13   U.S. Code Section 3553(a), and particularly in light of

14   the fact that this is an agreed-upon disposition of the

15   case under Rule 11 of the Federal Rules of Criminal

16   Procedure, I find that the defendant Luis Biaggi should

17   be committed to the custody of the Bureau of Prisons to

18   be imprisoned for a term of 96 months.

19       I recommend that he receive credit, to the extent

20   that he does not receive state credit, for all his time

21   in custody following July 27, 2005.

22       I'm also willing to make a judicial recommendation

23   that the defendant participate in the Bureau of Prisons'

24   500 hour residential drug abuse program if the defendant

25   is interested in that recommendation.

1        He has had problems with drugs in the past.  If he

2    completes that program successfully, he can be placed in

3    a halfway house a little bit earlier than he might

4    otherwise be released.

5        Is the defendant interested in having me make that

6    recommendation?

7        MR. FERRARA:  He is, Your Honor.  I had

8    discussed the possibility of drug treatment programs and

9    I think he recognizes that there's a need.

10        THE COURT:  Very good.  So in addition to

11    making the recommendation with regard to the time that

12    the defendant has been in custody, I also make a judicial

13    recommendation that the defendant participate in the

14    Bureau of Prisons' 500 hour residential drug abuse

15    program.

16        I also find that upon release from imprisonment the

17    defendant shall be placed on supervised release for a

18    term of four years.

19        Within 72 hours of release from custody of the

20    Bureau of Prisons, the defendant shall report in person

21    to the district to which he's released.

22        I'm not going to impose any fine based upon my

23    finding that the defendant is unable to pay a fine and is

24    unlikely to be able to become able to pay a fine.

25        Conditions of supervised release are as follows:

1  First, the defendant shall not commit any other federal,

2  state, or local crime.

3      Second, the defendant shall not possess or use any

4  unlawful controlled substance.  During his supervised

5  release period he shall submit to one drug test within 15

6  days of release from imprisonment and at least two

7  periodic drug tests thereafter up to at least 104 tests

8  per year as directed by the probation office.

9      Next, the defendant shall submit to the collection

10  of a DNA sample as directed by the probation office.

11  This is a standard condition at this time.

12      Also, the defendant shall comply with all the

13  conditions adopted by the court that are described at

14  Section 5D1.(3)(C) of the Sentencing Guidelines.  These

15  conditions will be set forth in writing in the judgment.

16      Also, Mr. Biaggi is prohibited from possessing any

17  firearm, destructive device, or dangerous weapon.

18      During this period of pretrial -- during this period

19  of supervised release, he will participate in a program

20  for substance abuse counseling as directed by the

21  probation office, which program may include testing up to

22  104 tests per year.

23      The defendant will contribute to the cost of the

24  services based upon his ability to pay or the

25  availability of insurance or other third-party payment.

1    I'm also going to order that the defendant

2    participate in a counseling program as directed by the

3    probation office during these four years of supervised

4    release, and that he contribute to these services if he

5    can afford them or if there's insurance or other

6    third-party payer available.

7    The defendant will also pay a $100 special

8    assessment which shall be due immediately, and the

9    defendant shall remain in custody of the United States

10    Marshal pending designation of the facility at which Mr.

11    Biaggi will be designated.

12    One thing that I did overlook because this is an

13    agreed recommendation is that you, Mr. Biaggi, before I

14    make my final decision here have a right to make a

15    statement if you wish to say anything at all before I

16    make my final decision, and I want to make sure I've

17    given you an opportunity to do that before I finish up

18    with the sentencing here.

19    Did you have anything you wanted to say, sir?

20    THE DEFENDANT: No, Your Honor.

21    THE COURT: All right. Thank you very much. I

22    also want to tell you that you have a right to appeal

23    this sentence. The fact that you have pled guilty does

24    not deprive you of your right to appeal.

25    I believe that you have given up some of your appeal

1    rights as part of your plea agreement here, but there are

2    portions of your right to appeal that still remain and if

3    you wish to pursue them and have an attorney to represent

4    you for that, you can ask for appointed counsel for that.

5        I believe I have covered everything.  No?

6

7        (Off-the-record conversation with probation.)

8

9        THE COURT:  Mr. Rinaldi is reminding me of an

10   important technicality which is I want the record to be

11   clear that the federal sentence starts today and will run

12   concurrent with any sentence that may be imposed in the

13   state case.

14       MR. FERRARA:  Thank you.

15       THE COURT:  So that Mr. Rinaldi will know that

16   the clock begins ticking on the federal sentence from

17   November 15, 2006 with my recommendation that he receive

18   credit for this time in custody from July 27th to today,

19   but it will start today, and at least from my point of

20   view it is my intention that my sentence run concurrent

21   with any sentence that the state may impose.

22       The state court judge will make his or her own

23   decision about how they want it to run but that's as far

24   as this sentence the way it would go.

25       MR. FERRARA:  Thank you, Your Honor.  Your

1    Honor, with respect to the special assessment, my client

2    does not have $100 in his commissary and has no

3    expectation of getting any particular amount of funds.

4    Occasionally a family member will put a small amount in

5    the commissary.  I think I have to request relief from

6    immediate payment of that.

7         THE COURT:  I think there will be no immediate

8    payment but there's arrangements that are made that it

9    can be paid off little by little over a period of time.

10   Although I say immediate, I understand that in a great

11   number of my cases that as a practical matter doesn't

12   happen, and they have a method for wringing it out of

13   them bit by bit over a period of time so that's what will

14   happen.

15        MR. FERRARA:  Thank you.

16        THE COURT:  Thank you.  If there's nothing

17   further, the court will be in recess.

18

19

20        (Court recessed at 2:43.)

21

22

23

24

25

PDF created with pdfFactory trial version www.pdffactory.com

1            **C E R T I F I C A T E**

2

3

4     **I, Alice Moran, Official Federal Court Reporter for**

5 **the United States District Court for the District of**

6 **Massachusetts, do hereby certify that the foregoing**

7 **transcript is a true and accurate transcription of my**

8 **stenotype notes taken in the aforementioned matter to the**

9 **best of my skill and ability.**

10

11

12

13           **/s/ Alice Moran**

14         **Alice Moran, CSR, RPR, RMR**

15       **Official Federal Court Reporter**

16        **1550 Main Street, Room 536**

17         **Springfield, MA 01103**

18           **(413) 731-0086**

19         **alice.moran@verizon.net**

20

21

22

23

24

25

PDF created with pdfFactory trial version www.pdffactory.com